Aron Steuer, J.
Plaintiff is a manufacturer of household appliances. One of these, an automatic washer called the “ Speed Queen,” is involved in this suit. Plaintiff sells these appliances to distributors who in turn sell to retailers. While plaintiff suggests retail prices to these distributors, it has no fair-trade agréements nor does it otherwise seek to regulate retail prices. One of the features of plaintiff’s sales is its guarantee which it advertises extensively. The form of the *721 guarantee is enclosed in the packing of each article sold. These articles each have a number which is printed on a plate riveted to the article. The number is also stenciled on the case containing the article. The purchaser is advised that the number is to be filled in on the guarantee, which is then countersigned by the dealer and when mailed in to plaintiff becomes effective.
Defendant is a dealer in appliances. His method of doing business is to advise retailers by means of a weekly list what products he has for sale. He has from time to time offered Speed Queen washers to retailers. But these washers when delivered have had the number plate removed and the stencil obliterated. Just why this is done does not appear in the evidence and any reason is a matter of conjecture.
Plaintiff seeks an injunction against sales made with these marks removed. The sole question involved is whether plaintiff seeks the injunction for a legitimate purpose. Defendant contends that plaintiff wants the serial numbers left intact so that it can trace the sale, discover the distributor who made it, and, by economic pressure, prevent him from making similar sales in the future. In this way, defendant contends, plaintiff is exercising control over its dealers’ prices and otherwise influencing their conduct through indirect pressure. An injunction to accomplish these ends would not be granted. (See Federal Trade Comm. v. Beech-Nut Co., 257 U. S. 441.)
It is true that defendant has violated neither contract nor statute. Plaintiff’s contention that the dealing in these machines whose serial numbers have been effaced violates subdivision 4 of section 436-a of the Penal Law is without merit. But an injunction against unfair business practices is not limited to instances of breach of contract or statute. Today it is recognized that there are so many situations which warrant relief that even classification is not practicable. (Dior v. Milton, 9 Misc 2d 425, affd. 2 A D 2d 878.) While it is true that effacing a manufacturer’s mark is not itself an unfair practice (A. H. Grebe & Co. v. Siegel, 14 P. 2d 175), it may well become so if there are other consequences. Here the buyer’s right to obtain the guarantee is interfered with and plaintiff’s customer relations are likely to deteriorate as a result of that interference. At least one instance of this was established. As against this the nefarious purpose attributed to the plaintiff’s insistence on retention of the mark rests solely on supposition.
Submit judgment for plaintiff accordingly. The above will constitute the findings.